UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER GRAVES, | No.  2:14-cv-1476 TLN DAD PS |
| Plaintiff, | |
| v. | ORDER |
| ROBERT JONES, | |
| Defendant. | |

      Plaintiff Peter Graves is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels

1   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

2   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

3   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,

4   557.  A plaintiff must allege with at least some degree of particularity overt acts which the

5   defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

6       Here, the complaint fails to contain a short and plain statement of a claim showing that

7   plaintiff is entitled to relief.  In this regard, plaintiff's complaint is actually a letter addressed to a

8   Mr. Sherry, who is not named as a defendant in this action, complaining about named defendant

9   Robert Jones' "failure to recognize [plaintiff] at his meeting because of [plaintiff's] ethnic

10  background."[1]  (Dkt. No. 1 at 3.)  Plaintiff alleges that the failure to recognize him violated his

11  rights under the First and Fourteenth Amendments, his right to equal protection and constituted

12  "emotional abuse."  (Id.)  The complaint, however, is devoid of any facts underlying these

13  allegations and thus fails to allege facts that state the elements of his claim plainly or succinctly.

14      Accordingly, plaintiff's complaint will be dismissed for failure to state a claim.  The

15  undersigned has carefully considered whether plaintiff may amend the complaint to state a claim

16  upon which relief can be granted.  "Valid reasons for denying leave to amend include undue

17  delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan

18  Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake Pharm. Ass'n v. Klamath

19  Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall

20  be freely given, the court does not have to allow futile amendments).  However, when evaluating

21  the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it

22  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

23  would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting

24  Haines v. Kerner, 404 U.S. 519, 521 (1972).  See also Weilburg v. Shapiro, 488 F.3d 1202, 1205

25  (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

---

[1] As stated by another judge of this court, "[p]laintiff can be fairly characterized as a frequent filer of lawsuits in this court."  Graves v. UC Davis, No. 2:13-cv-0026 MCE GGH PS, 2013 WL 1499480, at *1 (E.D. Cal. Apr. 11, 2013) (noting plaintiff filed 19 actions between November 4, 2010 and August 1, 2011).

1    absolutely clear that the deficiencies of the complaint could not be cured by amendment.")
2    (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

3    Here, the court cannot yet say that it appears beyond doubt that leave to amend would be
4    futile.  Plaintiff's complaint will therefore be dismissed, and he will be granted leave to file an
5    amended complaint.  Plaintiff is cautioned, however, that if he elects to file an amended
6    complaint "the tenet that a court must accept as true all of the allegations contained in a complaint
7    is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,
8    supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While
9    legal conclusions can provide the complaint's framework, they must be supported by factual
10   allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from
11   conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

12   Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an
13   amended complaint complete.  Local Rule 220 requires that any amended complaint be complete
14   in itself without reference to prior pleadings.  The amended complaint will supersede the original
15   complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,
16   just as if it were the initial complaint filed in the case, each defendant must be listed in the caption
17   and identified in the body of the complaint, and each claim and the involvement of each
18   defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file
19   must also include concise but complete factual allegations describing the conduct and events
20   which underlie plaintiff's claims.

21   Accordingly, IT IS HEREBY ORDERED that:

22   1. Plaintiff's June 20, 2014, application to proceed in forma pauperis (Dkt. No. 2)
23   is denied without prejudice.

24   2. The complaint filed June 20, 2014 (Dkt. No. 1) is dismissed with leave to
25   amend.

26   3. Within twenty-eight days from the date of this order, an amended complaint
27   shall be filed that cures the defects noted in this order and complies with the Federal Rules of
28   /////

Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

    4. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: October 20, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\graves1476.ifp.den.ord

---

[2] Alternatively, plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.